UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA MACARENA,
an individual,

    Plaintiff,

v.

Case No.:

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff, MARIA MACARENA, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

**COMPLAINT**

**COMES NOW**, Plaintiff, MARIA MACARENA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter,

1

"Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff, an individual consumer, for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendants failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendants following a discharge order entered in Plaintiff's bankruptcy case. More specifically, Defendants inaccurately, incompletely, and misleadingly credit-reported an account that was discharged through Plaintiff's bankruptcy case.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq.*

3. Defendants are subject to the jurisdiction of this Court as Defendants regularly transact business in this District.

4. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed her bankruptcy case in this District, and Plaintiff received a discharge order through her bankruptcy case in this District.

5. At all material times herein, Plaintiff is a natural person residing in

Pinellas County, Florida.

6. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

7. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. At all material times herein, TransUnion is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## **FCRA STATUTORY STRUCTURE**

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies

the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

14. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that

4

compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

17. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

18. At all material times herein, Defendants credit report information concerning accounts that were included in and discharged through Plaintiff's Voluntary Chapter 7 Bankruptcy Case (hereinafter, the "Accounts").

19. At all material times herein, Defendants are a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating

information concerning consumers for the purpose of furnishing consumer reports. Defendants disburse such consumer reports to third parties under contract for monetary compensation.

20. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S BANKRUPTCY CASE AND DISCHARGE ORDER

22. On or about January 22, 2025, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, identified by case number 8:25-bk-00358-RCT (hereinafter, "Bankruptcy Case").

23. Plaintiff listed a Nationstar Mortgage LLC Account ("Nationstar") in her Bankruptcy Case schedules with respect to a secured debt allegedly owed to Nationstar.

24. The Nationstar debt was surrendered in her Bankruptcy Case.

25. Further, the Nationstar Account was subject to be discharged through Plaintiff's Bankruptcy Case.

26. On or about April 2, 2025, the United States Bankruptcy Court entered an Order of Discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case.

27. As such, as of April 2, 2025, Plaintiff did not personally owe a balance to

Nationstar—and the Discharge Order relieved Plaintiff from any personal financial liability regarding the discharged Nationstar debt.

## DEFENDANTS' CREDIT REPORTING

28. Sometime after April 2, 2025, Plaintiff obtained a copy of her credit disclosure reports from Defendants.

29. Despite Plaintiff listing the Nationstar Account in her Bankruptcy Case and receiving the Discharge Order, Defendants reported the Nationstar Account as "Open" with a balance greater than $254,000.00.

30. After the date of the Discharge Order was entered in Plaintiff's Bankruptcy Case, Defendants prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the Nationstar Account as open account with a balance in excess of $254,00.00.

## DAMAGES

31. As a result of Defendants' reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the erroneous and incorrect reporting of the Account if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

32. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct.

33. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for

their services.

34. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite exhaustive efforts to remedy Defendants' reporting errors, Plaintiff must simply endure Defendants' inaccurate and unlawful reporting of the Accounts.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

35. Defendants are subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

36. Defendants willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding her discharged debts.

37. Overall, Defendant maintained credit files concerning Plaintiff and published information regarding Plaintiff to third-parties which included Defendants' inaccurate reporting of the Nationstar Account.

38. Defendants clearly failed to maintain procedures to maintain maximum possible accuracy. If Defendants maintained—and followed—such procedures,

Defendants would not have reported an account that was clearly included in and discharged through Plaintiff's Bankruptcy Case, and it would have marked all relevant Accounts as discharged through Plaintiff's Bankruptcy Case.

39. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

40. Defendants' violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

    b. Actual damages in an amount to be determined at trial;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

    e. An award of attorney's fees and costs; and

    f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**
*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
11300 4th St. N. Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*